**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

OSCAR AGUILAR COREA,

     Petitioner,

     v.

MARKWAYNE MULLIN, et al.,

     Respondents.

Civ. No. 26-9809 (RMB)

**OPINION**

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court on Petitioner Oscar Agular Corea's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition" Dkt. No. 1) and Respondents' Answer ("Answer" Dkt. No. 10). The Petition raises four claims for relief: (1) Petitioner is not properly detained under 8 U.S.C. § 1231(a)(2); (2) Petitioner is detained under 8 U.S.C. § 1231(a)(6) and is entitled to custody redetermination under 8 C.F.R. 241.4; (3) in the alternative, Petitioner's final removal order is unreasonably prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (4) Petitioner's detention violates his substantive due process interest liberty interest under the Fifth Amendment. Respondents assert Petitioner is subject to a final order of removal and his removal is reasonably foreseeable.

For the reasons below, the Court finds that Petitioner is subject to final

1

removal order detention which is not unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment.  Supplemental briefing is required on Counts One and Two.

## I.    BACKGROUND

Petitioner is a native and citizen of El Salvador. (Petition ¶ 1.)  He alleges that he entered the United States in 2006 as an unaccompanied minor and was released by the Office of Refugee Resettlement to the custody of his mother in Long Branch, New Jersey. (*Id.*) On March 1, 2007, an Immigration Judge ("IJ") ordered Petitioner removed in absentia due to his failure to appear for a scheduled removal proceeding. Dkt. No. 10-1 ("Removal Order"). On July 30, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") at his workplace in New Jersey and is presently detained at Delaney Hall Detention Facility in Newark, New Jersey. Petition ¶ 4; Dkt. No. 10-4 ("Warrant of Removal/Deportation").

## II.    DISCUSSION

Under 28 U.S.C. § 2241(c)(3), a district court may grant habeas relief to a person held "in custody in violation of the Constitution or laws or treaties of the United States." That authority ordinarily includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

### A.    Count One

In Count One, Petitioner alleges he is not properly detained under 8 U.S.C. § 1231(a)(2). Section 1231(a)(2) requires mandatory detention during a 90-day removal period for a noncitizen who is subject to a final order of removal. Petitioner

asserts the removal period expired 90 days after his removal order became final on March 31, 2007, when he failed to timely appeal the in absentia removal order to the BIA. (Petition ¶ 21.)

A removal order becomes final, and the 90-day removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. 1231(a)(1)(B). The removal period is suspended when a noncitizen "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* § 1231(a)(1)(C). Unless Respondents contend that Petitioner acted to prevent his removal pursuant to the March 1, 2007 final order of removal, the 90-day removal period expired on March 31, 2007, and Petitioner's detention is not mandatory under § 1231(a)(2). Further briefing is required to determine whether the 90-day removal period was suspended.

### B.    Count Two

In Count Two, Petitioner alleges upon information and belief that he was detained on July 30, 2026, without notice of custody review and a custody determination under 8 C.F.R. § 241.4, in violation of due process under the Fifth Amendment. (Petition ¶¶ 46-48.)  On July 30, 2026, ICE issued DHS Form I-294,

Warning to Alien Ordered Removed or Deported.  Dkt. No. 10-2 ("I-294"). A box is checked on the I-294 indicating that Petitioner reentered the United States illegally and a prior order of removal was reinstated pursuant to 8 U.S.C. § 1231(a)(5). This is inconsistent with Petitioner's in absentia removal order. (Removal Order at 2.) Assuming Petitioner's removal order became final on March 31, 2007 and the 90-day removal period has long expired, 8 C.F.R. 241.4 is applicable because it governs continued detention of inadmissible noncitizens beyond the removal period. Absent a custody determination under 8 C.F.R. § 241.13, the custody determination procedures described in § 241.4 are applicable to certain inadmissible aliens for whom the 90-day removal period has expired. Additional briefing is required to determine whether § 241.4 is applicable to Petitioner and whether Petitioner was provided the appropriate procedural protections.

### C.    Counts Three and Four

Counts Three and Four go hand-in-hand, whether Petitioner's final removal order detention is unreasonably prolonged in violation of his liberty interest under the Fifth Amendment.  Petitioner has been detained for approximately two weeks.  The Supreme Court has determined that final removal order detention is presumptively reasonable for a six month period. *Zadvydas*, 533 U.S. at 701. Therefore, the Court will deny Counts Three and Four of the Petition without prejudice because two weeks is not an unreasonable length of time for the Government to effect removal.

## IV.  CONCLUSION

For the reasons stated above, within 21 days of the accompanying Order,

4

subject to extension upon a showing of good cause, Respondents shall file a supplemental brief addressing: (1) whether the 90-day removal period was suspended pursuant to 8 U.S.C. § 1231(a)(1)(C); and (2) whether 8 C.F.R. § 241.4 is applicable to Petitioner and, if so, whether Petitioner was provided the appropriate procedural protections.  Counts One and Two of the Petition are **RESERVED**, and Counts Three and Four are **DENIED** without prejudice to Petitioner filing a new Petition if his detention becomes unreasonably prolonged.

An appropriate Order follows.


**Dated:** <u>**August 12, 2026**</u>

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
